`UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| *AMERICAN FAMILY MUTUAL INSURANCE COMPANY,* | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Cause No. 4:15-cv-01544-JCH ) |
| *VEIN CENTERS FOR EXCELLENCE, INC. and ST. LOUIS HEART CENTER, INC.,* | ) **ORAL ARGUMENT REQUESTED** ) ) ) |
| Defendant. | ) ) |

## MOTION FOR SUMMARY JUDGMENT

NOW COMES the Plaintiff, American Family Mutual Insurance Company (American Family), and in accordance with Rule 56 of the Federal Rules of Civil Procedure (FRCP 56) and Local Rules 78-4.01 and 78-4.02, hereby files its Motion for Summary Judgment. In support of its Motion for Summary Judgment, Plaintiff states and alleges as follows:

### Background

1. American Family initially filed this declaratory judgment action against Vein Centers for Excellence, Inc. (Vein Centers), but thereafter added St. Louis Heart Center, Inc. (St. Louis Heart). In this declaratory judgment action American Family is seeking this Court's declaration that there is no insurance coverage owed to Defendant Vein Centers to either defend or indemnify Vein Centers against the Telephone Consumer Protection Act (TCPA) class action lawsuit filed against it by St. Louis Heart. That case is pending before District Court Judge Perry in the case styled *St. Louis Heart Center, Inc. v. Vein Centers for Excellence, Inc.*, No. 4:12-cv-00174-CDP (Heart Center Action). This declaratory judgment action is being pursued in

7645306.3

accordance with 28 U.S.C. § 2201(a) and Rule 57 (FRCP 57).  This Court has jurisdiction in accordance with 28 U.S.C. § 1332(a).

2.  American Family issued four potentially applicable policies of insurance to Vein Centers:  (1) two Business Owners Policies, policy no. 24XG853004 (Business Policies) (SOF 32-38); and (2) two Commercial Umbrella Policies, policy no. 24XG853002 (Umbrella Policies) (SOF 44-49).

3.  St. Louis Heart filed the Heart Center Action on December 23, 2011 in the Circuit Court for St. Louis County as Cause No. 15SL-CC05050.  (SOF 5-6).  Count I asserts a claim under the TCPA and seeks recovery of the statutory damages available under the TCPA; and Count II asserts a claim for common-law conversion and seeks recovery for the alleged loss of paper and toner ("property damage") resulting from receipt of the faxes.  (SOF 8, 9).  St. Louis Heart dismissed Count III of its Petition in the Heart Center Action.  (SOF 13-14).

**The Business Policies**

4.  The Business Policies state, in part, the following:

**SECTION II — LIABILITY**

A.  Coverages.

1. Business liability

   a.  We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" or "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury", "property damage" or "personal and advertising injury" to which this insurance does not apply. We may at our discretion, investigate any "occurrence" and settle any claim that may result.

   * * * *

   b.  This insurance applies:

   (1)  To "bodily injury" and "property damage" only if;

2

7645306.3

  (a)  The 'bodily injury' or 'property damage' is caused by an 'occurrence' that takes place in the 'coverage territory';

\* \* \* \*

F. Liability And Medical Expenses Definitions

\* \* \* \*

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

\* \* \* \*

5. The exclusions for the Business Policy are set forth in Section B of SECTION II — LIABILITY (SOF 39, 43).  Section B states, in part, as follows:

B. Exclusions

 1. **Applicable To Business Liability Coverage**

 This insurance does not apply to:

 **a. Expected Or Intended Injury**

 "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

\* \* \* \*

 **s. Distribution of Material in Violation of Statutes**

 "Bodily injury", "property damage" or "personal and advertising injury" arising directly or indirectly out of any action or omission that violates or is alleged to violate:

  (1) The Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law; or

  (2) The CAN-SPAM Act of 2003, including any amendment of or addition to such law; or

3

> (3) Any statute, ordinance or regulation, other than the TCPA or CAN-SPAM Act of 2003, that prohibits or limits the sending, transmitting, communicating or distribution of material or information."

\* \* \* \*

(SOF 40, 41).

6. In addition to the aforementioned exclusions, the Business Policies were also endorsed to exclude coverage for punitive damages. (SOF 42). Specifically, that endorsement states as follows:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY**
**EXCLUSION - PUNITIVE DAMAGES**

This endorsement modifies insurance provided under the following:

**BUSINESSOWNERS COVERAGE FORM**

The following is added to Paragraph **B. Exclusions** in **Section II — Liability**

This insurance does not apply to:

**Punitive Damages**

Punitive or exemplary damages.

\* \* \* \*

(SOF 42)

### The Umbrella Policies

7. The Umbrella Policies state, in part, as follows:

**SECTION I — COVERAGES**

**COVERAGE A — BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

  **1  Insuring Agreement**

    a. We will pay on behalf of the insured the "ultimate net loss" in excess of the "retained limit because" of "bodily injury" and "property damage" to which this insurance applies. . . .

4

* * * *

b.  This insurance applies to "bodily injury" and "property damage" only if:

   (1)  The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

* * * *

**2   Exclusions**

This insurance does not apply to:

a.  **Expected or Intended Injury**

   "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. . . .

* * * *

**COVERAGE B – PERSONAL AND ADVERTISING INJURY**

**1.   Insuring Agreement**

a.  We will pay on behalf of the insured the "ultimate net loss" in excess of the "retained limit" because of "personal and advertising injury" to which this insurance applies. . . .

* * * *

b.  This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

* * * *

**SECTION V — DEFINITIONS**

* * * *

13.  "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

5

* * * *

18. "Property damage' means:

   a. Physical injury to tangible property, including all resulting loss of use of that property. . . .

* * * *

23. "Ultimate net loss" means the total sum, after reduction for recoveries or salvages collectible, that the insured becomes legally obligated to pay as damages by reason of settlement or judgments or any arbitration or other alternative dispute method entered into with our consent or the "underlying insurer's" consent.

* * * *

(SOF 50-53)

8. The Umbrella Policies' "Punitive Damage Exclusion" endorsement states as follows:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY**
**PUNITIVE DAMAGES EXCLUSION**

This endorsement modifies insurance provided under the COMMERCIAL LIABILITY UMBRELLA POLICY

This insurance does not apply to punitive or exemplary damages against any insured. (SOF 54)

9. The Umbrella Policy issued effective October 24, 2007, also contained an endorsement excluding coverage for claims arising from acts or omissions that allegedly violation the TCPA. Specifically, the endorsements state:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**EXCLUSION — VIOLATION OF STATUTES THAT GOVERN E-MAILS, FAX, PHONE CALLS OR OTHER METHODS OF SENDING MATERIAL OR INFORMATION**

6

7645306.3

This endorsement modifies insurance provided under the following:

    COMMERCIAL LIABILITY UMBRELLA COVERAGE PART

A.    The following exclusion is added to Paragraph 2, **Exclusions of Section I — Coverage A — Bodily Injury And Property Damage Liability**

    **2.**    **Exclusions**

        This insurance does not apply to:

        **DISTRIBUTION OF MATERIAL IN VIOLATION OF STATUTES**
        "Bodily injury" or "property damage" arising directly or indirectly out of any action or omission that violates or is alleged to violate:
- a.    The Telephone Consumer Protection Act (TCPA) including any amendment of or addition to such law; or
- b.    The CAN-SPAM Act of 2003, including any amendment of or addition to such law; or
- c.    Any statute, ordinance or regulation, other than the TCPA or CAN-SPAM Act of 2003, that prohibits or limits the sending, transmitting, communicating or distribution of material or information.

B.    The following exclusion is added to Paragraph 2, Exclusions of Section I —**Coverage B — Personal And Advertising Injury Liability**

    2.    **Exclusions**

        This insurance does not apply to:

        **DISTRIBUTION OF MATERIAL IN VIOLATION OF STATUTES**
        "Personal and advertising injury" arising directly or indirectly out of any action or omission that violates or is alleged to violate:
- a.    The Telephone Consumer Protection Act (TCPA) including any amendment of or addition to such law; or
- b.    The CAN-SPAM Act of 2003, including any amendment of or addition to such law; or
- c.    Any statute, ordinance or regulation, other than the TCPA or CAN-SPAM Act of 2003, that prohibits or limits the sending, transmitting, communicating or distribution of material or information.

(SOF 55).

    10.    The "Distribution Of Material In Violation Of Statutes" exclusion that is part of COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY of Section I of the Umbrella Policy issued effective October 28, 2008, states as follows:

**u.    Distribution Of Material In Violation Of Statutes**

"Bodily injury" or "property damage" arising directly or indirectly out of any action or omission that violates or is alleged to violate:

(1)   The Telephone Consumer Protection Act (TCPA) including any amendment of or addition to such law; or

(2)   The CAN-SPAM Act of 2003, including any amendment of or addition to such law; or

(3)   Any statute, ordinance or regulation, other than the TCPA or CAN-SPAM Act of 2003, that prohibits or limits the sending, transmitting, communicating or distribution of material or information.

(SOF 56).

11.    The "Distribution Of Material In Violation Of Statutes" exclusion that is part of COVERAGE B – PERSONAL AND ADVERTISING INJURY LIABILITY of Section I of the Umbrella Policy issued effective October 28, 2008, states as follows:

**(17)   Distribution Of Material In Violation Of Statutes**

"Personal and advertising injury" arising directly or indirectly out of any action or omission that violates or is alleged to violate:

(a)   The Telephone Consumer Protection Act (TCPA) including any amendment of or addition to such law; or

(b)   The CAN-SPAM Act of 2003, including any amendment of or addition to such law; or

(c)   Any statute, ordinance or regulation, other than the TCPA or CAN-SPAM Act of 2003, that prohibits or limits the sending, transmitting, communicating or distribution of material or information.

(SOF 57).

### The Business and Umbrella Policies Provide No Coverage

12.    In further support of this Motion for Summary Judgment, American Family files herewith, and incorporates herein by this reference, its Memorandum in Support.

13. Attached to its Memorandum in Support pursuant to Local Rule 7-4.01(E) is American Family's Statement of Uncontroverted Material Facts.

14. All facts cited in the Statement of Uncontroverted Material Facts are beyond reasonable dispute as established by the pleadings, affidavits, and deposition transcripts. There is no genuine issue of material fact, and American Family is entitled to judgment as a matter of law.

15. There is no coverage for the claims asserted in Counts I (TCPA) and II (common-law conversion) because the Business and Umbrella Policies exclude coverage for claims based upon acts alleged to have violated the TCPA. Both the Business Policy and Umbrella Policy specifically excluded coverage for "property damage" and "personal and advertising injury" "arising directly or indirectly out of any action or omission that violates or is alleged to violate" the TCPA. Furthermore, numerous courts have found this exclusionary language unambiguously excludes coverage for a common-law conversion claim when, like here, the alleged conversion of a fax machine, paper and toner is based upon the same alleged acts that purportedly violate the TCPA. *See e.g., Emcasco Ins. Co. v. CE Design, Ltd.*, 784 F.3d 1371 (10th Cir. 2015).

16. There is no coverage under the Business Policy or Umbrella Policy for St. Louis Heart's common-law conversion claim in Count II because (1) there has been no "occurrence" as defined by the policies and/or (2) the Vein Centers expected, or should have expected, the alleged "property damage" (loss of paper and toner) caused by receipt of the unsolicited faxes.

    a. First, the policies define "occurrence" as "an accident including continuous or repeated exposure to substantially the same general harmful condition." Accident has been defined in Missouri as an "[a]n event that takes

9

7645306.3

place without one's foresight or expectation; an undesigned, sudden and unexpected event." *Columbia Mut. Ins. Co. v. Epstein*, 239 S.W.3d 667, 672 (Mo. App. 2007). Here, Vein Centers purposefully sent faxes to promote its business. Its actions were not an event that took place without its foresight, expectation or design.

b. Second, Vein Centers knew, or should have realized, there was a strong possibility the sending of faxes would consume the recipients' toner and paper; and, therefore, any alleged "property damage" is excluded by the policies "Expected or Intended Injury" exclusion. *See, e.g., Western Rim Inv. Advisors, Inc. v. Gulf Ins. Co.*, 269 F.Wupp.2d 836 (N.D. Tex. 2003).

17. There is no coverage under the Business Policy and Umbrella Policy for an award of treble damages under the TCPA because the term "damages" as used in the policies' insuring agreements does not include fines and penalties, like treble damages under the TCPA. *Columbia Cas. Co. v. HIAR Holdings, LLC*, 411 S.W.3d 258, 274 (Mo. banc 2013) (quoting *Farmland Indus., Inc. v. Republic Ins. Co.*, 941 S.W.2d 505, 510-11 (Mo. banc 1997)). Furthermore, treble damages awarded under the TCPA are a form of punitive or exemplary damages that are specifically excluded by the policies. *Terra Nova Ins. Co. v. Fray-Witzer*, 869 N.E.2d 565, 576 (Mass. 2007).

18. Because there is no coverage under the Business Policy or Umbrella Policy for any claim being pursued in the Heart Center Action as set forth above, there is no duty to defend Vein Centers in the Heart Center Action under the Business Policy or Umbrella Policy.

19. American Family requests oral argument under Local Rule 78-4.02.

10

WHEREFORE, for the reasons stated above, American Family Mutual Insurance Company is entitled to the entry of summary judgment in its favor and against St. Louis Heart Center, Inc. and Vein Centers for Excellence, Inc., for its costs of suit, and for all other relief the Court deems just and proper.

        KORTENHOF MCGLYNN & BURNS, LLC

By:     */s/ Kenneth M. Lander*
Kenneth M. Lander, #30296MO
1015 Locust Street, Suite 500
St. Louis, MO 63101
314-621-5757
314-621-5799 (Fax)
ken@kmblaw1.com

SANDBERG PHOENIX & von GONTARD P.C.

By:     */s/ Anthony L. Martin*
Anthony L. Martin, #34521MO
Stephen M. Murphy, #56417MO
600 Washington Avenue - 15th Floor
St. Louis, MO  63101-1313
314-231-3332
314-241-7604 (Fax)
amartin@sandbergphoenix.com
smurphy@sandbergphoenix.com

Attorneys for Plaintiff,
***American Family Mutual Insurance Company***

**Certificate of Service**

I hereby certify that on the 23rd day of June, 2017 the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all registered users having entered their appearance.

    */s/ Anthony L. Martin*

11

7645306.3